**JS-6**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PLATINUM TOOLS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SIMPLY45, LLC, a Florida limited liability company; STRUCTURED CABLE PRODUCTS, INC., a Florida corporation; TODD COTA, an individual; BLAKE TALLY, an individual; and DOES 1 through 10, inclusive,<br><br>Defendant. | CASE NO. 2:20-cv-04058-MCS-PVC<br><br>**ORDER RE: FINAL JUDGMENT FOR PERMANENT INJUNCTION (ECF No. 110)** |

Plaintiff Platinum Tools, LLC ("Plaintiff") and Defendants Simply45, LLC, Structured Cable Products, Inc., Todd Cota and Blake Tally (collectively the "Defendants") having settled the case and, in connection with that settlement, having stipulated and consented to this Final Judgment for Permanent Injunction pursuant to Stipulation ("Final Judgment") prior to taking proof, without trial or adjudication of any issues of fact and law, and without this Final Judgment constituting evidence of or an admission of liability or wrongdoing by Defendants regarding any issue of law or fact alleged in the First Amended Complaint; and

This Court having considered the pleadings and the Stipulation for Entry of Final Judgment, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

## JURISDICTION

1. The Court has jurisdiction over the subject matter hereof and the parties.

2. Venue is proper in this Court.

## PERMANENT INJUNCTIVE RELIEF

3. Defendants and their respective subsidiaries, affiliates, agents, predecessors, successors and assigns are permanently enjoined from taking any of the following actions directly or through any person or entity acting at such Defendants' direction, or are otherwise directed to take the following actions:

(a) Acquiring, accessing, disclosing, or using, or attempting to acquire, access, disclose, or use any and all trade secrets or other confidential information of Plaintiff which may include Plaintiff's confidential customer and distributor lists, customer and distributor ranking lists, financial data regarding customers' and distributors' purchases, pricing lists, profit margins, incentives and discounts, sales thresholds for incentives and discounts, methods of doing business, pricing and percentages of different products ordered by Plaintiff's customers and distributors, marketing plans, and other customer and distributor information, including the names, addresses, telephone numbers, inside contact persons of customers, distributors, and prospective customers and distributors, and financial information of Plaintiff's customers, distributors, clients, and customer leads or prospects,  and other proprietary and valuable research, development, commercial, financial, technical information, confidential business or financial information, and information regarding confidential business practices (collectively, "Plaintiff's Confidential Information"). Notwithstanding the foregoing, Plaintiff's Confidential Information shall not include any information that (a) was publicly known and made generally available by Plaintiff in the public domain; or (b) becomes publicly known and/or made generally available

to the public through no action or inaction of Defendants and/or their agents; or (c) must be disclosed pursuant to court subpoena, provided the subpoenaed party provides written notice to Plaintiff and an opportunity to challenge any such subpoena in court before such disclosure is made;

  (b) Tortiously interfere with Plaintiff's business relationships with its customers and distributors, including making false statements about Plaintiff and/or its products;

  (c) Except as may be legally compelled under oath in connection with a judicial or governmental proceeding with proper legal authorities and/or made in furtherance of a legal claim against Plaintiff and/or its agents, and/or in connection with the lawful advertising, marketing or sales promotion of Defendants' products, Defendants and their agents shall not at any time criticize, disparage, or cast in an unfavorable light, Plaintiff or any of its respective parent companies, subsidiaries, affiliates, distributors, dealers, manufacturers, licensees, members, owners, managers, shareholders, employees, officers, directors or attorneys in any public setting or in any conversation, letter, or other communications.  Further, Defendants shall not take any action likely to injure the reputation of Plaintiff or any of its parent companies, subsidiaries, affiliates, distributors, dealers, manufacturers, licensees, members, owners, managers, shareholders, employees, officers, directors or attorneys. Defendants and their agents shall not knowingly make false statements about Plaintiff and/or its products, and

  (d) Defendants, at their sole expense, shall engage an independent forensic expert approved by Plaintiff within ten (10) business days from the execution of the parties' Settlement Agreement to permanently remove any and all of Plaintiff's Confidential Information from all computers, computer servers, notebooks, laptops, iPad, telephones, hard drives, external drives, cloud storage, or other electronic devices. Defendants agree to comply with the terms of the Remediation Protocol attached hereto as Exhibit 1. Defendants must otherwise return to Plaintiff all of

Plaintiff's Confidential Information in their possession, custody or control.

4. Notwithstanding the foregoing, the Parties and their agents are free to engage in lawful competition with the other Parties, their agents, assigns and successors.

## GENERAL PROVISIONS

5. Jurisdiction is retained for the purpose of enabling any party to this Final Judgment to apply to the Court for such further orders and direction as may be necessary and appropriate for the construction and carrying out of this Final Judgment, and for enforcement and compliance herewith.

6. This Final Judgment shall take effect immediately upon entry thereof.

7. The Clerk is directed to enter this stipulated Final Judgment forthwith.

8. Based upon the express waiver by Defendant, no undertaking by a cash deposit or a corporate surety shall be required with respect to this Final Judgment.

9. No Party shall recover attorneys' fees or costs herein.

10. In any proceeding to enforce any term of this Final Judgment, the prevailing party will be entitled to recover its or his reasonable attorneys' fees, costs and expenses including expert fees.

DATED: January 12, 2022

*Mark C. Scarsi*
Mark C. Scarsi
United States District Judge

# EXHIBIT 1

Remediation Protocol

The parties to this Remediation Protocol (hereinafter referred to as the "Remediation Protocol") are Plaintiff Platinum Tools, LLC ("Platinum") on the one hand and Simply45, LLC ("Simply45"), Structured Cable Products, Inc. ("SCP"), David Spiller ("Spiller"), Andrew Restivo ("Restivo"), Todd Cota ("Cota"), and Blake Tally ("Tally") (sometimes collectively referred to as "Defendants") on the other hand. Platinum, Simply45, SCP, Spiller, Restivo, Cota and Tally may be referred to in the singular as a "Party", and collectively referred to as the "Parties." Notwithstanding the foregoing, and for time, practicality and expense purposes, the parties have agreed that Structured Cable Products, Inc., David Spiller and Andrew Restivo shall only be required to submit an Affidavit in lieu of submitting to any inspection process contemplated herein, with any and all potential or actual confidential information of Platinum required to be attached to any such Affidavit of the referenced parties".

1. Within five (5) days of the execution of Settlement Agreement by and between Platinum and Sullstar Technologies, Inc. ("Sullstar") on the one hand and Simply45, SCP, Spiller, Restivo, Cota, and Tally on the other hand, Defendants will engage a qualified forensic consultant ("Defendants' Forensic Consultant") to perform all the work specified in this remediation Protocol at Defendants' sole expense. Defendants' Forensic Consultant must have at least one of the following certifications, or a certification from one of the following organizations:
   - Organizations:
     - Global Information Assurance Certification (GIAC)
     - International Association of Computer Investigative Specialists (IACIS)
     - Digital Forensics Certification Board (DFCB)
   - Certifications:
     - EnCase Certified Examiner (EnCE)
     - GIAC Certified Forensic Examiner (GCFE)
     - GIAC Certified Forensic Analyst (GCFA)
     - Digital Forensic Certified Practitioner (DFCP)
     - Digital Forensic Certified Associate (DFCA)
     - Certified Computer Forensics Examiner (CCFE)

   Defendants may choose, but are not obliged, to engage Nathan Mousselli at FTI Consulting (646-771-0447; nathan.mousselli@fticonsulting.com). Once Defendants have engaged Defendants' Forensic Consultant, Defendants shall promptly notify Platinum of Defendants' Forensic Consultant's name, educational background, certifications, and experience.
2. Unit 42 has prepared a listing of filenames and MD5 hash values of notable content, to include items containing Platinum's intellectual property that may exist on or within the existing forensic images of Todd Cota's or Blake Tally's devices and accounts ("Remediation Library"), which has been separately provided to Defendants. Once Defendants' Forensic Consultant is engaged, a copy of the Remediation Protocol and the Remediation Library will be shared with Defendants' Forensic Consultant.

3. <u>Personal computer content identification and remediation</u>: Within one (1) week of engagement of Defendants' Forensic Consultant by Defendants, Defendants shall provide Defendants' Forensic Consultant with access to all electronic devices used by the Defendants, including, without limitation, computers, tablets, phones, and storage drives used by each of the Defendants, Cota, Tally, Restivo, and their officers, directors, and sales employees (collectively, "Defendants' Devices"). Except for Defendants' phones, Defendants' Forensic Consultant shall create new forensic images of Defendants' Devices (the "New Forensic Images") within five (5) regular business days[1] of being given access to Defendants' Devices. Defendants' Forensic Consultant will query the New Forensic Images for files that are responsive to the filenames and MD5 hash values within the Remediation Library. The scope of the search shall include the contents of archive, container, and compound files, including, but not limited to ZIP, RAR, 7z (7-Zip), OST, PST, and MBOX files.)

   a. Within thirty (30) regular business days of the creation of the New Forensic Images, Defendants' Forensic Consultant will prepare and circulate to the Parties an Excel spreadsheet for each device that lists all items responsive to the criteria in the remediation library (the "Device Responsive Items List"). For each responsive file, the Device Responsive Items List should provide the following information and metadata:
      i. corresponding filename and/or hash value from Remediation Library
      ii. filename
      iii. full path
      iv. date created
      v. date last modified
      vi. date last accessed
      vii. logical size
      viii. file extension
   b. Defendants shall have two (2) weeks from receipt of the Device Responsive Items List to specify which files should left intact (the "Device Disputed Files"). Together with their identification of the Device Disputed Files, Defendants shall produce to Defendants' Forensic Consultant and Platinum's counsel, Nevers, Palazzo, Packard, Wildermuth & Wynner, PC ("NPW") a copy of the Device Disputed Files and a log (the "Device Disputed File Log"), stating the file name, creation date, last modified date, a description of the contents, and the reasons why Defendants request that the file be left intact. While the Device Disputed File Log may be shared with Platinum, NPW shall not share copies of the Device Disputed Files with Platinum
   c. All files on the Device Responsive Items List not identified as Device Disputed Files in Step 3b shall be targeted for deletion. Operating directly on Defendants' Devices, within one five (5) regular business days of producing the Device Disputed Files List, Defendants' Forensic Consultant will use the Sysinternals tool SDelete, to delete the targeted files beyond recovery. Defendants' Forensic Consultant will then empty the

---

[1] Regular business days are Monday through Friday excluding Holiday vacation travel days: November 18-26, 2021, and December 20, 2021 through January 1, 2022.

Windows Recycle Bin on each of Defendants' Devices. As a final step, Defendants' Forensic Consultant will overwrite all free space on each volume on the hard drives of Defendants' Devices.  Defendants' Forensic Consultant will use the SDelete tool along with the "-C" parameter (e.g., "sdelete64 -C C:").

   d. For the Device Disputed Files, NPW shall have two (2) weeks to approve the request to keep the files intact, deny the request, or request more information for the classification of each item's disposition. For the Device Disputed Files that NPW denies the request or seeks additional information, within (1) week, the Parties shall meet and confer regarding the disposition of the Device Disputed Items.
   e. If after meeting and conferring, Defendants continue to contend that any of the Device Disputed Files should not be targeted for deletion, Defendants may request within one (1) week that the Parties retain, at Defendants' sole expense, a mutually-acceptable discovery referee on whether the Device Disputed Files should be targeted for deletion or left intact. The Parties shall meet and confer to agree upon a discovery referee within one (1) week, and once retained, the discovery referee shall rule on the disposition of the Device Disputed Files within thirty (30) days. The Parties shall bear their own attorneys' fees and costs relating to the discovery referee proceeding(s).
   f. After the discovery referee rules on the disposition of the Device Disputed Files List, all files on the Device Disputed List shall be targeted for deletion unless otherwise ruled by the discovery referee. Operating directly on Defendants' Devices, within one (1) week of the discovery referee's ruling, Defendants' Forensic Consultant will use SDelete, to delete the targeted files beyond recovery. Defendants' Forensic Consultant will then empty the Windows Recycle Bin on each of Defendants' Devices. As a final step, Defendants' Forensic Consultant will overwrite all free space on each volume on the hard drives of Defendants' Devices.  Defendants' Forensic Consultant will use the SDelete tool along with the "-C" parameter (e.g., "sdelete64 -C C:"). After deletion, within one (1) week, Defendants shall each certify in writing that they will not attempt or perform any measures to recover or restore content deleted as part of this remediation protocol.
4. <u>USB storage device content identification and remediation</u>: The USB storage devices submitted by Defendants are property of Platinum and will not be returned to Defendants.
5. <u>Cloud storage content identification and remediation</u>: Unit 42 has determined through its forensic investigation that relevant files may exist within the Dropbox accounts of Defendants ("Dropbox accounts"). Upon engagement of Defendants' Forensic Consultant, Defendants shall provide a list of the Dropbox Accounts to Defendants' Forensic Consultant and the Parties. Should any Party become aware of additional cloud storage accounts that contain files related to Platinum and its intellectual property, they shall disclose these accounts to the other Parties and this protocol can be applied to such accounts.
   a. Within one (1) week of engagement of Defendants' Forensic Consultant by Defendants, Defendants shall provide Defendants' Forensic Consultant with access to the Dropbox Accounts.

3

b. Within ten (10) regular business days of being granted access to the Dropbox Accounts, Defendants' Forensic Consultant will create an offline preservation of the contents of the Dropbox account(s), including recoverable deleted files and folders (the "Dropbox Preservations").

c. Within ten (10) regular business days of the creation of the Dropbox Preservations, Defendants' Forensic Consultant will query the contents of the preservations for files that are responsive to the filenames and MD5 hash values within the Remediation Library. The scope of the search should include the contents of archive, container, and compound files, including, but not limited to ZIP, RAR, 7z (7-Zip), OST, PST, and MBOX files.

Within ten (10) regular business days of the creation of the Dropbox Preservations, Defendants' Forensic Consultant will prepare and circulate to the Parties an Excel spreadsheet for each account that lists all items responsive to the criteria in the Remediation Library (the "Dropbox Responsive Items List"). For each responsive file, the Dropbox Responsive Items List should provide the following information and metadata:
   i. corresponding filename and/or hash value from Remediation Library
   ii. filename
   iii. full path
   iv. date created
   v. date last modified
   vi. date last accessed
   vii. logical size
   viii. file extension

d. Defendants shall have two (2) weeks from receipt of the Dropbox Responsive Items List to specify which files should left intact (the "Dropbox Disputed Files"). Together with their identification of the Dropbox Disputed Files, Defendants shall produce to Defendants' Forensic Consultant and NPW a copy of the Dropbox Disputed Files and a log (the "Dropbox Disputed File Log"), stating the file name, creation date, last modified date, a description of the contents, and the reasons why Defendants request that the file be left intact. While the Dropbox Disputed File Log may be shared with Platinum, NPW shall not share copies of the Dropbox Disputed Files with Platinum

e. All files on the Dropbox Responsive Items List not identified as Dropbox Disputed Files shall be targeted for deletion. Within five (5) regular business days of producing the Dropbox Disputed Files List, Defendants' Forensic Consultant will access the live Dropbox account(s), delete each file labeled "target for deletion," and then permanently delete these items from the "Deleted files" container. After deletion, within one (1) week, Defendants shall each certify in writing that they will not attempt or perform any measures to recover or restore content deleted as part of this remediation protocol.

f. For the Dropbox Disputed Files, NPW shall have two (2) weeks to approve the request to keep the files intact, deny the request, or request more information for the classification of each item's disposition. For the files that NPW denies the request or seeks additional

4

information, within (1) week, the Parties shall meet and confer regarding the disposition of the Dropbox Disputed Items.

g. If after meeting and conferring, Defendants continue to contend that any of the Dropbox Disputed Files should not be targeted for deletion, Defendants may request within one (1) week that the Parties retain, at Defendants' sole expense, a mutually-acceptable discovery referee on whether the Dropbox Disputed Files should be targeted for deletion or left intact. The Parties shall meet and confer to agree upon a discovery referee within one (1) week, and once retained, the discovery referee shall rule on the disposition of the Dropbox Disputed Files within thirty (30) days. The Parties shall bear their own attorneys' fees and costs relating to the discovery referee proceeding(s).

h. After the discovery referee rules on the disposition of the Dropbox Disputed Files List, all files on the Dropbox Disputed List shall be targeted for deletion unless otherwise ruled by the discovery referee. Within five (5) regular business days of producing the Dropbox Disputed Files List, Defendants' Forensic Consultant will access the live Dropbox account(s), delete each file labeled "target for deletion," and then permanently delete these items from the "Deleted files" container. After deletion, within one (1) week, Defendants shall each certify in writing that they will not attempt or perform any measures to recover or restore content deleted as part of this remediation protocol.

6. Mobile Device Remediation: Within one (1) week of engagement of Defendants' Forensic Consultant by Defendants, Defendants shall provide Defendants' Forensic Consultant with access to Defendants' mobile phones (the "Mobile Devices"), including, without limitation, phones used by Spiller, Restivo, Cota, and Tally. Defendants' Forensic Consultant will erase all data from the mobile devices by performing a factory reset. Within one (1) week of engagement of Defendants' Forensic Consultant by Defendants, Defendants will advise all Parties in writing of the existence of any backups of data created from the Mobile Devices. Within five (5) business days of providing the list of backups of data created from the Mobile Devices, Plaintiff's Forensic Consultant will provide instructions for deleting targeted files on iCloud mobile device backups. Plaintiff's Forensic Consultant will also provide instructions on how to permanently delete targeted files on iCloud Photos and items in iCloud Drive. Defendant's Forensic Consultant will access the backups of data created from the Mobile Devices and then permanently delete the targeted files beyond recovery. After deletion, within one (1) week, Defendants shall each certify in writing that they will not attempt or perform any measures to recover or restore content deleted as part of this remediation protocol.

Within thirty (30) regular business days of the completion of the above steps, Defendants' Forensic Consultant shall prepare a report (the "Remediation Report") stating his or her educational background, experience, and certifications, and describing the work performed in detail, including, without limitation the dates each task was performed, the time spent on each task, any instructions received from the Parties, and any reports or work product generated. Defendants' Forensic Consultant shall provide the Remediation Report directly to the Parties. Defendants shall also make Defendants' Forensic Consultant available to answer any questions upon request.

W:\Working\16909\05\W0435327.DOCX